### GREENSPAN v. SALADINO et al.

(Supreme Court, Appellate Division, Second Department. May 1, 1908.)

VENDOR AND PURCHASER—REFUSAL OF TITLE—RECOVERY OF DEPOSIT.
    Where a vendee's objections to the title tendered were trivial, and the vendors were willing and able to obviate such as really constituted tangible defects, the vendee was not entitled to refuse to take the property and to recover the deposit.

Appeal from Special Term.

Action by Jacob B. Greenspan against Joseph Saladino and another. Judgment of dismissal on the merits, and plaintiff appeals. Affirmed.

Argued before WOODWARD, HOOKER, GAYNOR, RICH, and MILLER, JJ.

Simon H. Kugel, for appellant.
Laurence L. Driggs, for respondents.

WOODWARD, J. The plaintiff comes into a court of equity and demands specific performance of a contract for the purchase of the premises described in the complaint, or for the return of the money paid upon the delivery of the contract, and for the expense of searching the title. On the day set for the closing of title the plaintiff re-

fused to take the property, making various objections to the title offered, and on the following day filed a lis pendens against the property, and served defendants with a complaint demanding the return of the deposit paid on signing the contract. It is difficult, on an examination of the record before this court, to reach any other conclusion than that arrived at by the learned court below, that "the plaintiff in this action has not been actuated by honest motives and has not brought the action in good faith." The objections urged to the title are trivial, and the defendants appear to have been willing and able to obviate such as really constituted tangible defects in the title. The plaintiff evidently preferred litigation to the completion of his purchase, and, under the facts and circumstances disclosed in this action, a court of equity was clearly justified in refusing relief.

We are of opinion that the defendants were prepared to deliver the title contemplated by the parties at the time of making the contract, or were prepared to obviate the objections raised within a reasonable time after their attention was called to the matters, and that, under all the circumstances, it would be an abuse of the discretion vested in a court of equity to grant the plaintiff relief.

The judgment appealed from should be affirmed, with costs. All concur.